**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **NAVDEEP SINGH,** )<br>)<br>    **Petitioner,** )<br>)<br>    **v.** )<br>)<br>**FRED FIGUEROA, et al.,** )<br>)<br>    **Respondents.** ) | **Case No. CIV-26-1672-J** |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Navdeep Singh, a citizen of India proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1]   (Doc. 1).[2]   United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).   (Doc. 3).   In accordance with the expedited briefing schedule, (Doc. 9), Respondents timely filed a Response.[3]   (Doc. 11).   Petitioner timely filed a Reply.   (Doc. 12).   As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's

---

[1] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma.   (Doc. 1, at 4).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

[3] The response was filed by Respondents David J. Venturella, Markwayne Mullin, and Todd Blanche only.   (Doc. 11, at 2).   The undersigned refers to these respondents as "Respondents" in this Report and Recommendation.

detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I.    Factual Background

Petitioner is a citizen of India who entered the United States without inspection on or about July 31, 2023.  (Doc. 1, at Ex. 1, at 2).  On August 1, 2023, ICE instituted removal proceedings against him through issuance of a Notice to Appear ("NTA"), alleging he was an alien present in the United States who had not been admitted or paroled.  (*Id.*)  On or about August 1, 2023, Petitioner was released from ICE custody pursuant to an Order of Release on Recognizance in accordance with 8 U.S.C. § 1226.  (*Id.* at Ex. 2, at 2).  On September 29, 2023, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal.  (Doc. 11, at Ex. 1, at 1).

On or about June 26, 2026, ICE re-detained Petitioner subject to an administrative warrant after he was stopped by highway patrol.  (Doc. 1, at 5; Doc. 11, at Ex. 2 at 1). Petitioner's removal proceeding remains pending. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed July 31, 2026).

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(2)(A).  (Doc. 11, at 4 & n.4).  But Respondents also recognize the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), which requires a different result.  (*Id.* at 4).

## II.    Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1.    A violation of his right to procedural due process because he was not provided with advance notice before placing him in physical detention, he was not provided with an opportunity to contest the legal basis for detention, he was not provided with an individualized custody determination, and he was not provided with a pre-deprivation hearing. (Doc. 1, at 13-14).

2.    A violation of his right to substantive due process because his detention was classified as under 8 U.S.C. §1225(b), resulting in a lack of access to a bond hearing. (*Id*. at 14-16).

3.    A violation of the INA because of his misclassification under 8 U.S.C. § 1225(a) and its associated lack of a bond hearing. (*Id.* at 16-18).

4.    A violation of the Fourth Amendment because of his alleged warrantless arrest. (*Id.* at 18-20).

As relief Petitioner requests immediate release from custody. (*Id*. at 20). He also seeks a declaration that his detention "without [a] constitutionally adequate pre-deprivation process" violates the Fifth Amendment and the INA. (*Id.*) He additionally seeks a declaration that his detention, if authorized, is governed by 8 U.S.C. § 1226(a). (*Id.*) He requests an order enjoining Respondents from taking him back into custody absent a constitutionally adequate pre-deprivation process. (*Id.*) Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[4] (*Id.*)

---

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention"). Accordingly, the Court need not address this request at this juncture.

Respondents "respectfully urge that the Court should deny the relief Petitioner requests and should enter an order of dismissal, but they recognize that recent jurisprudence directs a bond hearing." (Doc. 11, at 2). Indeed, they "recognize that [*Santillan Quiroz*] directs a bond hearing under the circumstances presented in this case." (*Id.* at 3). They assert that "any order granting relief should be limited to one directing a bond hearing within seven days and directing release only if a bond hearing is not held." (*Id.* at 5-6). Respondents also assert that Petitioner's Fourth Amendment claim is not properly presented in this habeas action. (*Id.* at 6-8).

In Reply, Petitioner argues that *Santillan Quiroz* does not foreclose immediate release. (Doc. 12, at 2-4). He argues that a bond hearing "cannot retroactively provide the pre-deprivation process the Constitution required before DHS revoked Petitioner's previously granted liberty." (*Id.* at 3). Petitioner also argues that his procedural due process claim is viable even if the Court orders a bond hearing because the "constitutional injury is distinct from, and not remedied by, the statutory entitlement to a bond hearing." (*Id.* at 6). Petitioner contends Respondents do not identify an exigent circumstance to justify the absence of the pre-deprivation process. (*Id.* at 6-7). He also argues that a post-hoc bond hearing cannot cure the constitutional violation. (*Id.* at 7-10). Finally, Petitioner advises that "the Court need not reach the Fourth Amendment claim." (*Id.* at 10).

III.    **Standard of Review**

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

4

2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV.    Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.**

In order for the Court to determine whether Petitioner's current detention without a bond hearing violates the law, the Court must first determine what statute controls his detention.  Under the INA, detention of aliens who are "applicants for admission"[5] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A).  By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[6]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not §

---

[5] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  *Id*. § 1101(a)(13).

[6] The regulations accompanying the statute explain the various levels of review for a bond determination.  An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."  8 C.F.R. § 236.1(c)(8).  If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge.  *Id*. § 236.1(d)(1).  An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals ("BIA").  *Id*. § 236.1(d)(3).

1225(b)(2)(A)."  180 F.4th at 1237.  The court reasoned based on the statutory text and context that

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border.  Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id*. at 1239.  This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.

That Petitioner has made an application for asylum does not render him "seeking admission" and thereby subject to § 1225(b)(2)(A).  This is because "a noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States."  *Id.* at 1238.  But "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country" because "a person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered."  *Id.* at 1239 (citation modified).  And while "a noncitizen can request legal status even after he has entered the United States unlawfully," "he cannot request admission after the fact."  *Id.* Thus, Petitioner's post-entry attempt to seek legal status does not make detention proper under § 1225(b)(2)(A).

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States after entering without admission, is subject to detention under § 1226(a).  However, he has not been granted the bond hearing provided in that statute.  Thus, Petitioner has shown that he

6

is in custody in violation of the laws of the United States, and he is entitled to habeas relief.

28 U.S.C. § 2241(c)(3).  A bond hearing is the appropriate remedy.  *Santillan Quiroz*, 180

F.4th at 1251 n.13.[7]

## V.    Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition

(Doc. 1) be **GRANTED in part**.  The undersigned recommends that the Court order

Respondents to provide Petitioner an individualized bond hearing before a neutral

Immigration Judge within 7 days of the judgment in this matter, or else release him from

custody.

**The Court advises the parties of their right to object to this Report and**

**Recommendation by August 7, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P.

72(b)(2).[8]  The Court advises the parties that failure to make timely objection to this report

and recommendation waives their right to appellate review of both factual and legal issues

contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[7] Because the undersigned recommends granting habeas relief on the basis of Petitioner's INA claim, it is unnecessary to address his due process claims or his Fourth Amendment claim.

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations.  *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 31st day of July, 2026.

_Amanda L. Maxfield_
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE